<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRIS ANN JAYE,
                Plaintiff,

v.

NJ ATTORNEY GENERAL JOHN
HOFFMAN, et al.,

                Defendants.

Civil Action No. 14-7471 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court on Plaintiff Chris Ann Jaye's ("Plaintiff" or "Ms. Jaye") Motion for Recusal[1], Reconsideration, and to Vacate. (ECF No. 19.) Defendants Shari K. Black, Deputy Attorney General Ione Curva, Judith Irizzari, Christopher Koos, the Honorable Patrick McManimon, New Jersey Attorney General John Hoffman, Caroline Record, the Honorable Mary Jacobsen, the Honorable Peter Buchsbaum, and the Honorable Yolanda Ciccone ("Defendants") filed opposition (ECF No. 28), and Plaintiff replied (ECF No. 29). Plaintiff also submitted separate correspondence to the Court, requesting permission to file an Order to Show Cause to "address the matters pending [in state court] which involve the present deprivation of my property by fraud and the utter lack of standing by parties who have been given relief in violation

---

[1] The Honorable Peter G. Sheridan, U.S.D.J., granted Plaintiff's Motion for Recusal and ordered that "the remainder of Plaintiff's requests for relief . . . be decided by the judge assigned to this matter." (ECF No. 25.) On July 23, 2015, this matter was reassigned to the undersigned. (ECF No. 26.)

of Federal law."[2] (ECF Nos. 22, 24.) The Court has carefully considered the submissions from the parties and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration and Plaintiff's request for permission to file an Order to Show Cause. The Court, however, grants in part Plaintiff's motion to vacate and gives Plaintiff leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure.

### I.   Background[3]

This action arises from several state court lawsuits in which Plaintiff was a litigant and in which she alleges that the state court wrongfully ruled against her. On December 2, 2014, Plaintiff, proceeding pro se, filed a sixty-three-page Complaint against the New Jersey Attorney General, a deputy attorney general, several members of the New Jersey judiciary, and state court personnel. (Compl., ECF No. 1.) In her Complaint, Plaintiff alleges, inter alia, that Defendants violated 42 U.S.C. § 1983 and the New Jersey Civil Rights Act in connection with their involvement in a state court action against Plaintiff for unpaid condominium common charges and in actions by Plaintiff against her condominium association. (Compl. 61-62.) Plaintiff also filed motions seeking a declaratory judgment and temporary, preliminary, and permanent injunctive relief related to these claims (ECF Nos. 3, 7, 8), and Defendants moved to dismiss the Complaint (ECF No. 9). Before Defendants' motion to dismiss was fully briefed, however, "Plaintiff advised Court personnel by phone that the relief she was seeking was urgent and could not wait until the return date of the

---

[2] Defendants addressed Plaintiff's request for permission to file an order to show cause in their opposition to Plaintiff's Motion for Recusal, Reconsideration, and to Vacate. (ECF No. 28.)

[3] The Court assumes familiarity with the facts of this case, which are set forth in the court's previous opinion. (2/10/15 Op., ECF No. 10.) Thus, the Court includes only the facts relevant to the pending motion.

pending motion to dismiss." (2/10/15 Op. 2 n.1, ECF No. 10.) Accordingly, the Honorable Joel A. Pisano, U.S.D.J., decided the pending motions on an expedited basis. (*Id.* at 2.) Finding that the *Rooker-Feldman* and *Younger* abstention doctrines were applicable to Plaintiff's Complaint, the court denied Plaintiff's motions and dismissed the Complaint. (*Id.* at 5-7.) By order dated February 10, 2015, the court also dismissed the matter. (ECF No. 11.)

Thereafter, on February 18, 2015, Plaintiff filed an Amended Complaint. Plaintiff filed her Amended Complaint as an attachment to a Motion to Amend the Complaint but stated that "[i]f such motion is not required as I have a right to amend within twenty-one (21) days without a motion, please disregard my motion to Amend and file the attached Amended Complaint so it can be served immediately." (ECF No. 13.) Plaintiff also filed a motion to stay certain state court proceedings. (ECF No. 12.) This case was subsequently reassigned to the Honorable Peter G. Sheridan, U.S.D.J., and oral argument was scheduled for Plaintiff's motions. (ECF Nos. 14, 15.) At oral argument Plaintiff criticized Judge Pisano for giving her Complaint the expedited consideration. Specifically, Plaintiff argued that the court erred in dismissing her complaint with prejudice prior to the time provided by Rule 15(a) to amend a pleading as a matter of course. Recognizing the unique procedural backdrop of Plaintiff's motions, Judge Sheridan noted that "Judge Pisano's February 10, 2015 order states that he decided [P]laintiff's earlier motions on an emergent basis at her request . . . ." (Rough Uncertified 5/18/15 Hearing Tr. 8:16-18.) The court then proceeded to review the sufficiency of Plaintiff's proposed amended complaint. Finding that it did not meet the pleading standards provided by Rule 8(a) of the Federal Rules of Civil Procedure, the court denied Plaintiff's motion to amend the complaint without prejudice. (*Id.* 8:24-9:23.) Specifically, the court found that "the amended complaint is pled in conclusory fashion, does not contain the constitutional challenge questions she asserts in her moving papers, and

appears to allege causes of action against two judges for a matter related to a state court judgment previously entered." (*Id.* 9:11-16.) The court, however, gave Plaintiff leave to file a second amended complaint, and instructed her that in doing so "she should make sure to include all facts, constitutional questions, and causes of action relating to these parties [in] one pleading document." (*Id.* 9:24-10:2.) Plaintiff did not file a second amended complaint. Instead, she chose to file the current motions for recusal, to vacate, and for reconsideration. (ECF No. 19.)

## II.     Motion to Vacate

### A.     Legal Standard

Under Rule 60(b) of the Federal Rules of Civil Procedure, courts have discretion to grant a party relief from a final judgment, order, or proceeding. *See Shapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J.1986) (citing *Greco v. Reynolds*, 416 F. 2d 965 (3d Cir. 1969)). Rule 60(b) "applies only to final judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir.2004) (internal quotation marks omitted). Rule 60(b) provides for relief from a final judgment only for the following reasons: "(1) mistake,[4] inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff's motion to vacate does not allege that the judgment should be reopened for any of the reasons set forth in subparagraphs (1)-(5). Accordingly, the Court will consider only whether

---

[4] Rule 60(b) does not apply to a court's alleged "legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("[A] Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision . . . .") (internal citation omitted).

4

Plaintiff should be granted relief from the February 10, 2015 Order ("February Order") pursuant to Rule 60(b)(6).

**B.     Analysis**

Here, Plaintiff argues that the court's February Order, which dismissed this matter, should be vacated for three reasons: (1) closing the case was improper as "all pleadings were not filed before [Judge Pisano's] decision could be made per Rule 15"; (2) "Judge Pisano totally failed to remand the [C]omplaint to the proper jurisdiction as was required of him"; and (3) the Complaint contained "various Challenges to State Statutes," which the court did not address. (Pl.'s Moving Br. 14-15, ECF No. 19-1.) As an initial matter, Rule 60(b) relief is ordinarily not applicable to an order dismissing a complaint without prejudice. *See Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (stating that order dismissing complaint is not final judgment if the plaintiff may cure the deficiency and refile the complaint). Although the February Order did not preclude Plaintiff from amending her complaint, the Order was phrased in such a way that it could be construed as a "final judgment" for the purpose of Rule 60(b). The Order states that the "matter" as opposed to the "complaint" was dismissed, did not indicate that dismissal was without prejudice, and did not explicitly state that Plaintiff had leave to amend her complaint. (ECF No. 11.) Thus, to the extent that the February Order may be construed as a final order, for the reason provided below the Court finds that relief should be granted pursuant to Rule 60(b).

First, with respect to Plaintiff's contention that the Court erred in closing the case before all pleadings were filed, the Court finds that, to the extent that the February Order was construed as dismissing the complaint with prejudice, relief is appropriate. Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, "[a] party may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P.

5

15(a)(1)(B). Thus, to the extent that the February Order could be construed as prohibiting the filing of an amended complaint, the Court finds that relief is warranted. Accordingly, the Court grants Plaintiff leave to file a second amended complaint.

Plaintiff's remaining arguments for relief are without merit as they mischaracterize the law and relevant facts. Specifically, Plaintiff argues that Judge Pisano was "required" to remand the case. Remand was not, however, necessary here because there were ongoing state proceedings concerning the same claims. (2/10/15 Op. 5-6.) Thus, remand would have created duplicate state proceedings and was therefore not required. In addition, Plaintiff contends that the February Order should be vacated because the accompanying opinion did not address "various Challenges to State Statutes." (Pl.'s Moving Br. 14-15.) Plaintiff, however, admits that these challenges were "not part of the complaint, they were simply included in the complaint." (*Id.* at 14.) Nonetheless, Plaintiff argues that the Court should vacate the February Order, because Judge Pisano did not construe these random statements in her sixty-three-page Complaint as separate causes of action. (*Id.* at 14-15.) The Court disagrees. In determining the sufficiency of a pro se complaint, a court must be mindful to construe the complaint liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court is not "required to sift through a tome of allegations to piece together [a litigant's] claims." *Doe v. Sizewise Rentals, LLC*, No. 09-3409, 2010 WL 3614200, at *3 (D.N.J. Sept. 8, 2010). Accordingly, Judge Pisano's alleged failure to address Plaintiff's "various Challenges to State Statutes," which were "simply included in the [C]omplaint," does not warrant vacating the February Order. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (stating that a judgment may be reopened pursuant to Rule 60(b)(6) only upon a showing of extraordinary circumstances). Furthermore, as the Court grants Plaintiff leave to amend her complaint to properly state claims regarding the allegedly

6

unconstitutional state statutes, Plaintiff's remedy for the dismissal of these claims is to file an amended complaint not to vacate the February Order.

Accordingly, to the extent that the February Order may be construed as a final order, the Court grants relief from that Order, and gives Plaintiff leave to file a second amended complaint.

### III. Motion for Reconsideration

Plaintiff also moves, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for reconsideration of the court's May 19, 2015 Order ("May Order"), which denied Plaintiff's motions to amend and for a stay. (ECF No. 17.) Rule 59 is, however, inapplicable here. "The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders . . . ." *Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 747 (D.N.J. 2012). As discussed above, "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976). In contrast to the February Order, the May Order explicitly states that the denial of Plaintiff's motions were without prejudice and that "Plaintiff may file a motion to amend her complaint within thirty (30) days of the date of this Order, consistent with this Court's opinion." (ECF No. 17.) Thus, Rule 59 is not applicable to the May Order.

Moreover, Plaintiff's basis for requesting relief pursuant to Rule 59 is unfounded. Plaintiff contends that the May Order should be amended because the court did not adjudicate her "Challenges to State Statutes." (Pl.'s Moving Br. 16.) These "Challenges" were not, however, in her proposed amended complaint. As Judge Sheridan noted during oral argument, "[a]lthough Plaintiff states in her motion papers that the proposed amended complaint seeks to certify constitutional challenges set forth in her original complaint, the proposed pleading does not contain

those questions." (Rough Uncertified 5/18/15 Hearing Tr. 8:7-10.) Thus, Plaintiff's alleged "Challenges to State Statutes" were not before the court when it found that her "proposed amended complaint does not meet the re-pleading requirements of Rule 8(a)," and denied her motion to amend the complaint. (*Id.* at 9:21-23.)

Accordingly, there is no basis for amending or altering the court's May Order, and Plaintiff's Motion to reconsider is denied.

## IV. Request for Permission to File an Order to Show Cause

By correspondence dated June 16, 2015, Plaintiff also seeks permission to file an order to show cause. Plaintiff's brief in support of this request states that she seeks the following relief:

1. "Immediate temporary restraining order enjoining the State from Court Proceedings in the State of New Jersey";
2. "Declaratory relief stating the Motion for Summary Judgement and Dismissal of the FDCPA Action as fraudulent based on a lack of standing";
3. "Vacating the Motion for Summary Judgment and Dismissal of the FDCPA Action and all related orders stemming from it as fraudulent";
4. "Immediate filing of Plaintiff's Amended Complaint dated February 18, 2014 [sic] and then the reopening of the case per Rule 15".

(ECF No. 22.) The court previously denied this relief in its February and May Orders. (ECF Nos. 11, 17.) For the reasons discussed above, Plaintiff is not entitled to post-judgment relief from these Orders. Accordingly, Plaintiff's request for permission to file an order to show cause is denied.

## V. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration and Plaintiff's request for permission to file an order to show cause are denied. Plaintiff's motion to vacate is

8

granted in part and Plaintiff is given leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure. The Court will enter an order consistent with this decision.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 21, 2015