**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRIS ANN JAYE,

              Plaintiff,

v.

NJ ATTORNEY GENERAL JOHN HOFFMAN, et al.,

              Defendants.

Civil Action No. 14-7471 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Chris Ann Jaye's ("Plaintiff") Motions to Vacate, Establish Findings of Fact, Hold New Trial, and Take Judicial Notice. (ECF No. 67.) Opposition was filed by Defendants New Jersey Attorney General John Hoffman in his official capacity, Deputy Attorney General Ione Curva in her official capacity, the Honorable Peter Buchsbaum in his individual and official capacities, the Honorable Yolanda Ciccone in her individual and official capacities, the Honorable Mary Jacobson in her official capacity, the Honorable Patrick McManimon in his official capacity, Christopher Koos in his official capacity, Judith Irizzari in her official capacity, and Caroline Record in her individual and official capacities (collectively, "Defendants").[1] (ECF No. 73.) Plaintiff then replied. (ECF No. 74.)

The Court has carefully considered the submissions from the parties and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motions are **DENIED**.

---

[1] Defendants' opposition indicates that it is also filed on behalf of Shari K. Black who was terminated as a party to this case on January 14, 2016. (ECF No. 73.)

## I. Background[2]

This action arises from several state court lawsuits in which Plaintiff was a litigant. Plaintiff alleges that the state court wrongfully ruled against her. On December 2, 2014, Plaintiff, proceeding pro se, filed a sixty-three-page Complaint against the New Jersey Attorney General, a deputy attorney general, several members of the New Jersey judiciary, and various state court personnel. (Compl., ECF No. 1.) In her Complaint, Plaintiff alleges, *inter alia*, that Defendants violated 42 U.S.C. § 1983 and the New Jersey Civil Rights Act in connection with their involvement in a state court action against Plaintiff for unpaid condominium common charges and in actions by Plaintiff against her condominium association. (Compl. 61-62.) After a series of motions resulted in the dismissal of Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 13), Plaintiff filed a Second Amended Complaint (ECF No. 34). Upon Defendants' Motions to Dismiss (ECF Nos. 42, 45, 46), the Court dismissed the Second Amended Complaint with prejudice (ECF Nos. 64, 65). Within one week of the Court's decision, Plaintiff filed the instant Motions to Vacate, Establish Findings of Fact, Hold New Trial, and Take Judicial Notice. (ECF No. 67.)

## II. Motion to Vacate

Under Rule 60(b) of the Federal Rules of Civil Procedure, courts have discretion to grant a party relief from a final judgment, order, or proceeding. *See Shapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J. 1986) (citing *Greco v. Reynolds*, 416 F.2d 965 (3d Cir. 1969)). Rule 60(b) "applies only to 'final' judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125

---

[2] The Court assumes familiarity with the facts of this case, which are set forth in the Court's previous opinion. (Feb. 10, 2015 Op., ECF No. 10.) The Court, therefore, includes only the facts relevant to the pending motions.

(3d Cir. 2004) (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)). Rule 60(b) provides for relief from a final judgment only for the following reasons: "(1) mistake,[3] inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, Plaintiff's Motion to Vacate arises under subsection (3) and Plaintiff alleges that counsel for Defendants made fraudulent misrepresentations to the Court in their February 17, 2016 Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 42). (Pl.'s Moving Br. 2-7, ECF No. 67.) Specifically, Plaintiff points to Defendants' argument that the *Rooker-Feldman* Doctrine precludes the Court from exercising jurisdiction due to underlying state court judgments. (*Id.* at 3.) Plaintiff contends that Defendants mischaracterized the "finality" of the state court judgments and that Defendants failed to attach relevant court documents in support of their statements. (*Id.*)

Plaintiff further contends that Defendants mischaracterized the nature of her action as arising out of state court judgments against Plaintiff, and by failing to mention that her action arose from a civil rights violation. (*Id.* at 4.) Plaintiff argues that Defendants possess no right to characterize the nature of her case. (*Id.*) Finally, Plaintiff makes numerous legal arguments regarding the inapplicability of the *Rooker-Feldman* Doctrine to her case. (*Id.* at 5-7.)

---

[3] Rule 60(b) does not apply to a court's alleged "legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("[A] Rule 60(b) motion may not be used as a substitute for an appeal, and . . . legal error, without more does not warrant relief under that provision . . . .") (internal quotation marks and citation omitted).

3

Despite Plaintiff's characterization of Defendants' conduct as based upon "fraud" and "lies," Plaintiff fails to identify any instance in which Defendants committed fraud upon the Court. Plaintiff fails to identify or submit any evidence indicating that the underlying state court judgments were not "final." In contrast, Defendants submitted copies of the underlying state court decisions that dismissed Plaintiff's state claims on their merits. (*See* ECF No. 42-2.) By arguing that Defendants did not submit any evidence in support of their claim that underlying state court judgments existed, when clearly Defendants submitted the relevant documents, Plaintiff makes a gross misrepresentation to the Court. Further, Plaintiff's argument that Defendants have no right to characterize the nature of her case in their own statement of facts is without merit. Similarly, Plaintiff's legal arguments regarding the applicability of the *Rooker-Feldman* Doctrine do not raise any issue of fraud. For these reasons, Plaintiff's Motion to Vacate is denied.

### III.    Motion to Amend Judgment

Plaintiff also moves to amend the Court's May 25, 2016 Order (ECF No. 65), which dismissed Plaintiff's claims with prejudice, to add "findings of fact." (Pl.'s Moving Br. 7.) Plaintiff argues that federal law permits the relief Plaintiff seeks, and Plaintiff does not provide further explanation with regard to this Motion. (*Id.* at 7-8.) As Plaintiff provides no basis for her Motion, and because the Court is not aware of any legitimate basis upon which to grant the Motion, Plaintiff's Motion to Amend Judgment is denied.

### IV.    Motion for New Hearing

Plaintiff seeks a "new hearing" pursuant to Federal Rule of Civil Procedure 59, which provides the procedure for seeking a new trial. (Pl.'s Moving Br. 8.) In support, Plaintiff only argues that Defendants' fraudulent statements to the Court and the inapplicability of the *Rooker-Feldman* Doctrine justify a "new hearing." (*Id.*) Given that Rule 59 governs "new trials" and does

4

not provide for the reconsideration of decisions on motions to dismiss, the Court denies Plaintiff's Rule 59 Motion.

## V.  Motion for the Court to Take Judicial Notice

Plaintiff moves for the Court to take judicial notice of the fact that "Judge Ciccone, as alleged in [Plaintiff's] [C]omplaint, took it upon herself to render decisions via a cross-motion involving an order that was ordered by the Appellate Court and for which no relief was sought by anyone to the Appellate Court." (*Id.* at 10.) Federal Rule of Evidence 201(b) governs judicial notice: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, it is within the Court's discretion whether to take judicial notice of a fact. *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 319 (D.N.J. 2014).

After reviewing the facts in the record, Plaintiff's proffered statement, and the referenced provisions in Plaintiff's Complaint, the Court declines to take judicial notice. The statement incorporates Plaintiffs' pleading, which contains numerous facts subject to reasonable dispute. In addition, the Court cannot accurately and readily determine Plaintiff's alleged fact. For these reasons, the Court denies Plaintiff's Motion to Take Judicial Notice.

## VI.    Conclusion

For the reasons set forth above, Plaintiff's Motions to Vacate, Establish Findings of Fact, Hold New Trial, and Take Judicial Notice (ECF No. 67) are **DENIED**. The Court will enter an order consistent with this decision.[4]

                                               /s/ Michael A. Shipp
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated:** January 24th, 2017

---

[4] The Court notes that Plaintiff has already paid the filing fee in connection to her appeal to the United States Court of Appeals for the Third Circuit. Plaintiff, therefore, need not pay a second time after the issuance of this decision.

6