UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

September 6, 2017

**LETTER OPINION**

**VIA CM/ECF**
Chris Ann Jaye & all counsel of record

Re:   *Chris Ann Jaye. v. NJ Attorney General John Hoffman, et. al.*
      Civil Action No. 14-7471 (MAS) (TJB)

Dear Ms. Jaye and Counsel:

      This matter comes before the Court on Plaintiff Chris Ann Jaye's ("Plaintiff") Motions to Vacate. (ECF Nos. 82, 83.) Both of these motions seek to vacate the same two orders: (1) the Court's May 25, 2016 Order dismissing the case with prejudice (ECF No. 65); and (2) the Court's January 24, 2017 Order denying Plaintiff's Motion to Vacate, Establish Findings of Fact, Hold a New Trial, and Take Judicial Notice (ECF No. 79).[1] No responses have been filed. The Court has reviewed the submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Plaintiff's Motions are DENIED.

      This is Plaintiff's second attempt to vacate the May 25, 2016 Order. (*See* ECF No. 67.) In addition, Plaintiff seeks to vacate the January 24, 2017 Order denying her motion to, among other things, vacate the May 25, 2016 Order. (*See* ECF Nos. 82, 83.) Plaintiff's motions raise the same arguments that have already been considered and addressed by the Court. As such, Plaintiff's motions are merely motions for reconsideration and are therefore untimely. *See* L. Civ. R. 7.1(i); *Blanton v. Pac. Mut. Life Ins. Co.*, 4 F.R.D. 200, 208 (W.D.N.C. 1944) ("[T]he name attached to a motion need not be determinative of its purpose or the disposition to be made of it."). Moreover, the issues raised in Plaintiff's motions are inappropriate for a motion for reconsideration. Local Civil Rule 7.1 only permits reconsideration when "dispositive factual matters or controlling decisions of law were presented to the court but were overlooked." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal citations omitted). It is improper for a plaintiff to ask the Court to rethink what it has already thought through. *Id.*

      Accordingly, even if the Court considers the merits of Plaintiff's arguments, the motions would be denied. Plaintiff argues that the Orders should be vacated because of "fraud." (*See* ECF Nos. 82, 83). Plaintiff, however, provided no evidence of "fraud" to warrant vacating either Order. In fact, the Court already analyzed whether there was a basis to vacate the May 25, 2016 Order (ECF No. 65) based on Plaintiff's allegations of "fraud" in the Memorandum Opinion issued on

---

[1] For purposes of efficiency the Court addresses both of Plaintiff's Motions together.

January 24, 2017. (ECF No. 78.) Plaintiff now claims evidence of "fraud" because she has a stamped copy of an opposition brief opposing Defendants' Motion to Dismiss that is not found on the docket[2] and because Defendants amended their Motion to Dismiss. (ECF Nos. 42, 45, 46.) These allegations, however, do not suggest fraud and the Court finds no basis for relief.

Finally, the Court will address Plaintiff's allegations that the Court has refused to adjudicate certain motions. (Pl.'s Apr. 10, 2017 Mot. to Vacate, 2, ECF No. 82.) Plaintiff argues that the Court did not adjudicate ECF Nos. 45, 46, and 59. This is incorrect. ECF No. 45 was terminated and replaced by ECF No. 46. (See Clerk's Quality Control Message 2/18/2016.) Next, ECF No. 46 was mooted by the Court's Order dated May 25, 2016. (See ECF No. 65.) Lastly, ECF No. 59, Plaintiff's request for an extension of time, was denied in the Court's Order dated September 21, 2016. (See ECF No. 69.) The September 21, 2016 Order was later vacated to allow the Court to address other issues. To the extent that Plaintiff believes her request for an extension of time is still pending, this decision shall clarify that the request is denied.

For the reasons set forth above, Plaintiff's Motions are DENIED.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that she has "stamped" copies of two items that are not on the docket: correspondence dated October 19, 2015 and an opposition brief dated March 21, 2016. As Plaintiff did not provide a copy of the October 19, 2015 correspondence, the Court is unable to address the issues related to the correspondence. As to the March 21, 2016 opposition brief, Plaintiff claims, with no record cite, that she advised the Court this document was missing. Based on the Court's review of the docket, it appears Plaintiff first raised this issue in February 2017 (ECF No. 81), over a year after the document was stamped and eight months after the motion she was attempting to oppose was mooted by the dismissal of the case. (See ECF No. 65.) There is no record that this document was ever actually received by the Court and nothing to support Plaintiff's claims that the Clerk "deliberately" did not file Plaintiff's document. While the document does bear a stamp from the District Court, individuals are capable of self-stamping documents. It is possible that Plaintiff stamped the document but inadvertently did not actually provide a copy to the Court for filing. Additionally, although Plaintiff's document states she served the opposition on her adversary, the Court never received a response to the opposition. It is therefore unclear if this document was ever actually provided to her adversary. In any event, Plaintiff's opposition to Defendant's motion is immaterial. The motion to dismiss was mooted by the Court's order dismissing the case (ECF No. 65) and even if the Court were to have considered her opposition brief, the arguments raised by Plaintiff would not have altered the Court's disposition.